CTJ/RMT

ORIGINAL

FILED
U.S. DISTRICT COURT
NORTHERN DIST. OF TX.
FT WORTH DIVISION

2008 JAN 11  AM 9: 55

CLERK OF COURT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | |
|---|---|
| TODD WALLACE, | § |
| | § |
| Plaintiff, | § |
| | § |
| | § |
| vs. | § |
| | § |
| NAPOLI MANAGEMENT GROUP, INC., | § |
| | § |
| Defendant. | § |

4 - 0 8 C V - 0 1 9 - Y

CASE NO. _____

### DEFENDANT'S NOTICE OF REMOVAL

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that defendant Napoli Management Group, Inc. hereby removes to this court the state court action described below.  Defendant files this notice of removal under 28 U.S.C. §1446(a).

### A. Introduction

1.      On October 12, 2007 an action was commenced in the District Court of the State of Texas in and for Tarrant County, entitled Todd Wallace, Plaintiff vs. Napoli Management Group, Inc., Defendant, as Case Number 048-226826-07.  A copy of the petition is attached hereto as Exhibit "A".

2.      The first date upon which defendant Napoli Management Group, Inc. received a copy of the said petition was November 6, 2007, when defendant was served with a copy of the said petition and a citation from the said court.  A copy of the citation is attached hereto as Exhibit "B".  Defendant answered on December 14, 2007.  A copy of the answer is attached hereto as Exhibit "C".  Although the case was not removable when originally filed, it became removable on December 26, 2007, because of an amended pleading.  See 28 U.S.C. §1446(b).

The amount in controversy must exceed $75,000.00 as a condition of diversity jurisdiction. The original petition filed by the Plaintiff did not state an amount in controversy—therefore, the case was not removable at that time. On December 26, 2007 Plaintiff filed an amended petition stating an amount in controversy which exceeded the requisite $75,000.00. A copy of the amended petition is attached hereto as Exhibit "D". Defendant files this notice of removal within 30 days of receipt of the amended petition and within one year of commencement of the action. *See id.*

### B. Basis for Removal

3.      Removal is proper because there is complete diversity between the parties. 28 U.S.C. §1332(a); *Darden v. Ford Consumer Fin. Co.*, 200 F.3d 753, 755 (11th Cir. 2000); *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). Plaintiff is a citizen of Indiana. None of the defendants are citizens of the State of Texas. The sole defendant in this case is a citizen of California. Defendant, a corporate entity, has never had an office in the State of Texas. The amount in controversy exceeds $75,000.00, exclusive of interest, costs and attorney fees. 28 U.S.C. §1332(a). Plaintiff has claimed damages that exceed $75,000 because Plaintiff, a television news anchor, alleges economic damages against Defendant, his former agent (including lost time and opportunity, loss of opportunity, loss of bargaining ability, loss of "benefit of the bargain", reasonable expenses of seeking a job on his own, lost increase in earnings, lost negotiating ability with his current employer and loss of reputation in the Television community), damages for mental anguish, and an entitlement to multiple damages under 17.50(b)(1) of the Texas Business and Commerce Code. In paragraph 4 of his amended petition, Plaintiff seeks $289,000.00.

4.      All pleadings, process, orders, and other filings in the state court action are attached to this notice as required by U.S.C. §1446(a).

5.      Venue is proper in this district under 28 U.S.C. §1441(a) because this district and division embrace the place where the removed action has been pending.

6.      Defendant will promptly file a copy of this notice of removal with the clerk of the

state court where the action has been pending.

C. Conclusion

7.      Removal is proper because there is complete diversity between the parties and the amount in controversy exceeds $75,000.00 pursuant to the amended pleading filed by Plaintiff on December 26, 2007.  The notice of removal is being filed within 30 days of the filing and service of the amended pleading and within one year of commencement of the action.

Respectfully Submitted,
**VAN WEY & JOHNSON, LLP**


By: _____
Julie E. Johnson
State Bar No. 10758900
Chad Hardgrave
State Bar No. 24046022

3100 Monticello Avenue, Suite 500
Dallas, TX 75205
(214) 265-7600 (telephone)
(214) 265-7626 (facsimile)

**ATTORNEYS FOR DEFENDANT**
NAPOLI MANAGEMENT GROUP, INC.

## CERTIFICATE OF SERVICE

This will certify on this **10** day of January 2008 that a true and correct copy of the

foregoing was forwarded to:

*Via CMRRR 7006 2760 0000 6179 0805*
Jim Bearden
Bearden Place
1404 Roosevelt Dr.
Arlington, TX 76016

Julie Johnson

---

**DEFENDANT'S NOTICE OF REMOVAL**                                    **PAGE 4 OF 4**

# Civil Docket

**Discovery**

**048-226826-07**

Cause Of Action: DECEPTIVE TRADE PRACTICES

| Date Filed | NAMES OF PARTIES | ATTORNEYS | Date of Orders | ORDERS OF COURT |
|---|---|---|---|---|
| 10/12/2007 | TODD WALLACE | BEARDEN, JAMES L.<br>2404 ROOSEVELT DR | | |
| Jury 10/12/2007 | | ARLINGTON, TX 76016-5805 | | |
| Fee $ 30.00 | vs. | BarID: 24034318TX    Ph (817) 261-5297    PLTF<br>JIM BEARDEN & ASSOCIATES, PLLC | | |
| TODD WALLACE | | | | Was Steno Used? |
| PLTF | NAPOLI MANAGEMENT GROUP, INC. | 226826-07 (12/17/07)<br>Van Wey & Johnson (Julie E. Johnson) for<br>Napoli Management Group, Inc. | | |

048-226826-07

048-226826-07

**INDEX OF PLEADINGS FILED IN STATE COURT ACTION**

| | FILED PLEADING | FILED DATE |
|---|---|---|
| A. | Plaintiff's Original Petition | 10/12/2007 |
| B. | Citation issued | 10/12/2007 |
| C. | Defendant's Original Answer | 12/14/2007 |
| D. | Plaintiff's First Amended Original Petition | 12/26/2007 |





# EXHIBIT A

NO. _____

| | | |
|---|---|---|
| **TODD WALLACE**<br>**Plaintiff,** | § | **IN THE DISTRICT COURT** |
| | § | |
| **V.** | § | |
| | § | _____ **JUDICIAL DISTRICT** |
| **NAPOLI MANAGMENT GROUP, INC.** | § | |
| **Defendant.** | § | **OF TARRANT COUNTY, TEXAS** |

### PLAINTIFF'S ORIGINAL PETITION

# TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Todd Wallace, hereinafter called Plaintiff, complaining of and about Napoli Managment Group, Inc., hereinafter called Defendant, and for cause of action shows unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1.      Plaintiff intends that discovery be conducted under Discovery Level 2.

### PARTIES AND SERVICE

2.      Plaintiff, Todd Wallace, is an Individual whose address is 11882 Castlestone Drive, Fisher, Indiana 46037.

3.      Defendant Napoli Managment Group, Inc., a Nonresident California Corporation, engages or has engaged in business in this state, but does not maintain a regular place of business or a designated agent for service of process. This lawsuit arises out of the business done in this state and to which said Defendant is a party. Therefore, under Section 17.044 of the Texas Civil Practice and Remedies Code, substituted service on Defendant should be made by serving the Secretary of State of Texas, Statutory Documents Section, Citations Unit, P.O. Box 12079, Austin, Texas 78711-2079, and forwarded to Defendant's Registered agent or primary office at 8844 West Olympic Blvd., Suite 100, Beverly Hills, CA 90211-3697. Service of said Defendant as described above can be effected by certified mail, return receipt requested.

## JURISDICTION AND VENUE

4.      The subject matter in controversy is within the jurisdictional limits of this court.

5.      This court has jurisdiction over Defendant Napoli Managment Group, Inc., because said Defendant purposefully availed itself of the privilege of conducting activities in the State of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendant, and the assumption of jurisdiction over Napoli Managment Group, Inc. will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

6.      Plaintiff would show that Defendant Napoli Managment Group, Inc. had continuous and systematic contacts with the State of Texas sufficient to establish general jurisdiction over said Defendant.

7.      Plaintiff would also show that the cause of action arose from or relates to the contacts of Defendant Napoli Managment Group, Inc. to the State of Texas, thereby conferring specific jurisdiction with respect to said Defendant.

8.      Furthermore, Plaintiff would show that Defendant Napoli Managment Group, Inc. engaged in activities constituting business in the State of Texas as provided by Section 17.042 of the Texas Civil Practice and Remedies Code, in that said Defendant contracted with a Texas resident and performance of the agreement in whole or in part thereof was to occur in Texas, said Defendant committed a tort in whole or in part in Texas, and said Defendant recruits or has recruited Texas residents for employment inside or outside this state.

9.      Napoli Management Group, Inc. contracted with Todd Wallace to represent him in employment matters at a time when he resided in Texas.  Todd Wallace signed the contract from which tort claims against Napoli Management arise while Wallace was in the State of Texas and Napoli Management Group, Inc negotiated and received commissions from the contract Napoli negotiated between Wallace and a local television station. Napoli continued to represent Mr. Wallace while he worked for a local television station in Dallas-Fort Worth and Napoli received regular payments from him while he remained under contract in Texas . Napoli continued to receive regular payments from Mr. Wallace during negotiations for his present employment.

10.    Venue in Tarrant County is proper in this cause pursuant to Section 17.56 of the Texas Business and Commerce Code and under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

## FACTS

11.    On October 30, 2005, Plaintiff Todd Wallace and Defendant Napoli Management Group, Inc. (Napoli) entered into an agreement whereby Napoli would represent Mr. Wallace as his agent in seeking employment as a news anchor/reporter.   The contract states in relevant part, "Representative shall use its best efforts to advise and counsel Client in the planning, development, and achievement of Client's short term and long term career goals."

12.    Thereafter, Napoli failed to provide any useful assistance to Mr. Wallace in finding a job beyond Wallace's then employment with a local television station.  Solely through his own efforts and in spite of misrepresentations and obstructions made by employees of Napoli Management Group, inc., Mr. Wallace has since  acquired a job as a news anchor at WRTV in Indianapolis

13.    Napoli has intentionally obstructed, hindered and prolonged Mr. Wallace's job search with its lack of cooperation, competency, communication and commitment as well as by misrepresenting the terms by verbal representations and claims that the agreement contained provisions which do not exist. Moreover, Napoli, through its employees, has actively obstructed Mr. Wallace's own efforts by intentionally and falsely informing him that WRTV would not consider him for the anchor position that he ultimately acquired through his own efforts. Napoli employees pointed lied to Mr. Wallace about their contacts, influence and abilities while intentionally lying to him about their efforts on his behalf. In January 2007, Mr. Wallace expressed his severe disappointment with Napoli Management Group, Inc's. performance to Napoli representative Jean Sage. Ms. Sage, who appeared offended by Wallace's statement ,then verbally told Mr. Wallace that she would no longer represent him, thus repudiating their contract.  Thereafter, however, Napoli continued to demand monthly commissions from Mr. Wallace but did no further work on his behalf.

14.    Mr. Wallace contends that Napoli induced him into entering the October 30, 2005

contract using false statements, promises and illusory tactics, and that Napoli never intended to follow through on its commitments to actually work on behalf of Wallace. Napoli's acts and omissions were therefore both knowing and intentional.

## DECEPTIVE TRADE PRACTICES

15. Plaintiff would show that Defendant engaged in certain false, misleading and deceptive acts, practices and/or omissions actionable under the Texas Deceptive Trade Practices - Consumer Protection Act (Texas Business and Commerce Code, Chapter 17.41, et seq.), as alleged hereinbelow.

16. Violations of Section 17.46(b). Defendant violated Section 17.46(b) of the Texas Business and Commerce Code, in that Defendant:

    (a) caused confusion or misunderstanding as to the source, sponsorship, approval, or certification of services;

    (b) caused confusion or misunderstanding as to affiliation, connection, or association with, or certification by, another;

    (c) represented that services have sponsorship, approval, characteristics, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he does not;

    (d) represented that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;

    (e) misrepresented the authority of a salesman, representative or agent to negotiate the final terms of a consumer transaction;

    (f) failed to disclose information concerning services which was known at the time of the transaction with the intention to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed; and

    (g) disparaged the services or business of another by false or misleading representation of facts.

17. Producing Cause. Plaintiff would show that the acts, practices and/or omissions complained of were the producing cause of Plaintiff's damages more fully described hereinbelow.

18.   <u>Reliance</u>.   Plaintiff would further show the acts, practices and/or omissions complained of under Section 17.46(b) of the Texas Business and Commerce Code were relied upon by Plaintiff to Plaintiff's detriment.

19.   <u>Written Notice Given</u>.   Plaintiff has timely notified Defendant of such complaint pursuant to Section 17.505(a) of the Texas Business and Commerce Code by letter dated July 13, 2007, and would show compliance with all conditions precedent to the filing of this suit and recovery of additional damages and attorney's fees.

## AGENCY

20.   At and during the time of the acts and/or omissions complained of herein, any acts and/or omissions committed by an agent, representative or employee of Napoli Managment Group, Inc., Defendant, occurred within the scope of the actual or apparent authority of such person on behalf of said Defendant.

21.   Said Defendant is therefore liable to Plaintiff for the acts and/or omissions of any such agent, representative or employee complained of herein by virtue of such agency relationship.

## RESPONDEAT SUPERIOR

22.   At and during the time of the acts and/or omissions complained of herein, said acts and/or omissions of any employee of Napoli Managment Group, Inc., Defendant, occurred within the scope of the general authority and for the accomplishment of the objectives for which such employee was employed.

23.   Defendant Napoli Managment Group, Inc. is therefore liable to Plaintiff for the acts and/or omissions of any such employee complained of herein under the doctrine of <u>respondeat superior</u>.

## ECONOMIC DAMAGES

24.   Plaintiff sustained the following economic damages as a result of the actions and/or omissions of Defendant described hereinabove:

      (a)   All expenses, including but not limited to
           (1)   Lost time and opportunity
           (2)   Loss of opportunity
           (3)   Loss of bargaining ability

(b)     Loss of the "benefit of the bargain."

(c)     Reasonable expenses of seeking a job on his own.

(d)     Lost increase in earnings.

(e)     Lost negotiating ability with his current employer.

(f)     Loss of reputation in the Television community

## DAMAGES FOR MENTAL ANGUISH

25.     Plaintiff would further show that the false, misleading and deceptive acts, practices and/or omissions described hereinabove were committed "knowingly," as provided by Section 17.45(9) of the Texas Business and Commerce Code, in that Defendant had actual awareness of the falsity, deception, or unfairness of such acts, practices, and/or omissions.

26.     As a result of such acts, practices and/or omissions, Plaintiff sustained a high degree of mental pain and distress of such nature, duration and severity that would permit the recovery of damages for mental anguish pursuant to Section 17.50(b) of the Texas Business and Commerce Code, and for which Plaintiff hereby sues in an amount in excess of the minimum jurisdictional limits of this Court.

## MULTIPLE DAMAGES

27.     As alleged hereinabove, Plaintiff would show that the false, misleading and deceptive acts, practices and/or omissions complained of herein were committed "knowingly" in that Defendant had actual awareness of the falsity, deception, or unfairness of such acts, practices, and/or omissions.

28.     Plaintiff further avers that such acts, practices, and/or omissions were committed "intentionally" in that Defendant specifically intended that Plaintiff act in detrimental reliance on the falsity or deception or in detrimental ignorance of the unfairness.

29.     Therefore, Plaintiff is entitled to recover multiple damages as provided by 17.50(b)(1) of the Texas Business and Commerce Code.

## ATTORNEY'S FEES

30.     Request is made for all costs and reasonable and necessary attorney's fees incurred by or on behalf of Plaintiff herein, including all fees necessary in the event of an appeal of this cause

to the Court of Appeals and the Supreme Court of Texas, as the Court deems equitable and just, as provided by: (a) Section 17.50(d) of the Texas Business and Commerce Code; and, (b) common law.

### PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Todd Wallace, respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for the economic damages requested hereinabove in an amount in excess of the minimum jurisdictional limits of the Court, together with prejudgment and postjudgment interest at the maximum rate allowed by law, attorney's fees, costs of court, and such other and further relief to which the Plaintiff may be entitled at law or in equity, whether pled or unpled.

Respectfully submitted,

By: _____
Jim Bearden
Texas Bar No. 24034318
Bearden Place
2404 Roosevelt Drive
Arlington, TX 76016
Tel. (817)261-5297
Fax. (817)265-4969
Attorney for Plaintiff Todd Wallace

### PLAINTIFF HEREBY DEMANDS TRIAL BY JURY

# B

RECYCLED PAPER MADE FROM 20% POST CONSUMER CONTENT



AVERY™

# EXHIBIT B

THE STATE OF TEXAS
DISTRICT COURT, TARRANT COUNTY

**COPY**

*CITATION*  Cause No. *048-226826-07*

TODD WALLACE          VS.    NAPOLI MANAGEMENT GROUP, INC.

To and through the Secretary Of State, Statutory Documents Section, 1019 Brazos St, PO Box 12079, Austin TX 78701-207

TO: NAPOLI MANAGMENT GROUP INC.          8844 W OLYMPIC BLVD STE 100 BEVERLY HILLS, CA 90211-3697

SERVICE OF PROCESS MAY BE HAD UPON DEFENDANT BY DELIVERING TO THE SECRETARY OF STATE, OF THE STATE OF TEXAS, DUPLICATE COPIES OF THIS CITATION TOGETHER WITH DUPLICATE COPIES OF THE PLAINTIFF'S PETITION ATTACHED HERETO.

You said DEFENDANT are hereby commanded to appear by filing a written answer to the PLAINTIFF'S ORIGINAL PETITION

at or before 10 o'clock A.M. of the Monday next after the expiration of 20

days after the date of service hereof before the 48th District Court

,401 W BELKNAP, in and for Tarrant County, Texas, at the Courthouse in the City of Fort Worth, Tarrant County, Texas

said PLAINTIFF being

TODD WALLACE

Filed in said Court on October 12th, 2007 Against
NAPOLI MANAGMENT GROUP INC.

For suit, said suit being numbered 048-226826-07 the nature of which demand is as shown on said
PLAINTIFF'S ORIGINAL PETITION  a copy of which accompanies this citation.

JAMES L. BEARDEN
Attorney for TODD WALLACE Phone No. (817)261-5297
Address    2404 ROOSEVELT DR ARLINGTON, TX 76016-5805

    Thomas A. Wilder      , Clerk of the District Court of Tarrant County, Texas. Given under my hand and the seal
of said Court, at office in the City of Fort Worth, this the October 12th, 2007

                                        By _____ Deputy
                                                    JUDITH CHICO

NOTICE: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the
clerk who issued this citation by 10:00 AM. on the Monday next following the expiration of twenty days after you were
served this citation and petition, a default judgment may be taken against you.

Thomas A. Wilder, Tarrant County District Clerk
401 W. Belknap
Fort Worth, Texas 76196-0402

## OFFICER'S RETURN

Received this Citation on the _____ day of _____, _____ at _____ o'clock ___M; and executed at
_____ within the county of _____, State of _____ at _____ o'clock ___M
on the _____ day of _____, _____ by delivering to the within named (Def.): _____
defendant(s), a true copy of this Citation together with the accompanying copy of PLAINTIFF'S ORIGINAL PETITION
, having first endorsed on same the date of delivery.

**RECEIVED**
**SECRETARY OF STATE**

    Authorized Person/Constable/Sheriff: _____
        County of _____ State of_____ By _____ OCT 19 2007 _____ Deputy
Fees $_____
(Must be verified if served outside the State of Texas)          **11:00 AM**
State of _____ County of _____    **CITATIONS UNIT**
Signed and sworn to by the said _____ before me this _____ day of _____, ____
to certify which witness my hand and seal of office
(Seal)
                                    _____
        County of _____, State of _____ **141871**

# The State of Texas



Citations Unit
P.O. Box 12079
Austin, Texas 78711-2079

Phone: 512-463-5560
Fax: 512-463-0873
TTY (800) 735-2989
www.sos.state.tx.us

## Secretary of State

November 1, 2007

Napoli Management Group Inc
8844 W Olympic Blvd
Ste 100
Beverly Hills, CA 90211-3697

> **2008-141871-1**
> Include reference number in
> all correspondence

RE:  Todd Wallace Vs Napoli Management Group Inc
     48th Judicial District Court Of Tarrant County, Texas
     Cause No: 04822682607

Dear Sir/Madam,

Pursuant to the Laws of Texas, we forward herewith by CERTIFIED MAIL, return receipt requested, a copy of process received by the Secretary of State of the State of Texas on October 19, 2007.

CERTIFIED MAIL #71603901984976993935

Refer correspondence to:

James L Bearden
Bearden Place
2404 Roosevelt Drive
Arlington, TX 76016

Sincerely,

Helen Lupercio
Team Leader, Citations Unit
Statutory Documents Section

hl/sf
Enclosure

RECYCLED PAPER MADE FROM 22% POST CONSUMER CONTENT



AVERY™

# EXHIBIT C

NO. 048-226826-07

| | | |
|---|---|---|
| TODD WALLACE | ) | IN THE DISTRICT COURT |
| | ) | |
| vs. | ) | 48TH JUDICIAL DISTRICT |
| | ) | |
| NAPOLI MANAGEMENT GROUP, INC. | ) | TARRANT COUNTY, TEXAS |

## DEFENDANT'S ORIGINAL ANSWER

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW**, Napoli Management Group, Inc., Defendant in the above-entitled and numbered cause, and files this their Original Answer to Plaintiff's Original Petition and by way of answer would show the following:

**1.**

Defendant denies generally each and every allegation in Plaintiff's Original Petition, and demands strict proof thereof by a preponderance of the credible evidence.

**WHEREFORE, PREMISES CONSIDERED,** Defendant prays that upon final hearing, Defendant be dismissed without day and without cost, and that Defendant have such other and further relief to which Defendant may be entitled, both at law and in equity, for all of which Defendant shall ever pray.

DEFENDANT'S ORIGINAL ANSWER - PAGE 1

Respectfully submitted,

**VAN WEY & JOHNSON, L.L.P.**


By: _____
        Julie E. Johnson
        State Bar No. 10758900

3100 Monticello Ave.
Suite 500
Dallas, Texas 75205
(214) 265-7600
Fax: (214) 265-7626

**COUNSEL FOR DEFENDANT**


## CERTIFICATE OF SERVICE

        This will certify on this  14  day of ~~November,~~ *December* 2007, that a true and correct copy of the foregoing was forwarded to:

Jim Bearden
Bearden Place
1404 Roosevelt Dr.
Arlington, TX 76016

_____
Julie E. Johnson

**DEFENDANT'S ORIGINAL ANSWER - PAGE 2**





Thomas A. Wilder

# Tarrant County District Clerk
*Fax Filing Verification*
*12/17/2007  11:14:41 AM*

---

*Comments:*

TO:                          **Julie E Johnson**

SUBSCRIBER NUMBER:           **95000168**

RE:                          **DEFENDANTS ORIGINAL ANSWER**

CASE NUMBER:                 **048-226826-07**

TOTAL PAGES RECEIVED:            **3**

TOTAL COST:                  **$3.00**

RECEIPT NUMBER:              **A38331**

DATE & TIME FILE MARKED:     **12-14-07 @ 4:35 pm**


If you have any questions, please call 817-212-7011 for Civil cases or 817-212-7533 for Family cases


NOTICE:  This is NOT an invoice.  Your fax filing fee has been electronically transferred from your bank account.


### THANKS!

---

Tarrant County District Clerk        401 West Belknap Street, Fort Worth, TX  76196        Telephone 817-884-1240

D

# EXHIBIT D

NO. 048-226826-07

| | |
|---|---|
| **TODD WALLACE**<br>**Plaintiff,** | § IN THE DISTRICT COURT |
| | § |
| **V.** | § |
| | § 48th JUDICIAL DISTRICT |
| **NAPOLI MANAGMENT GROUP, INC.** | § |
| | § OF TARRANT COUNTY, TEXAS |
| **Defendant.** | § |

## PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION

### TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Todd Wallace, hereinafter called Plaintiff, complaining of and about Napoli Managment Group, Inc., hereinafter called Defendant, and for cause of action shows unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1.      Plaintiff intends that discovery be conducted under Discovery Level 2.

### PARTIES AND SERVICE

2.      Plaintiff, Todd Wallace, is an Individual whose address is 11882 Castlestone Drive, Fisher, Indiana 46037.

3.      Defendant Napoli Managment Group, Inc., a Nonresident California Corporation, engages or has engaged in business in this state, but does not maintain a regular place of business or a designated agent for service of process. This lawsuit arises out of the business done in this state and to which said Defendant is a party. Therefore, under Section 17.044 of the Texas Civil Practice and Remedies Code, substituted service on Defendant should be made by serving the Secretary of State of Texas, Statutory Documents Section, Citations Unit, P.O. Box 12079, Austin, Texas 78711-2079, and forwarded to Defendant's Registered agent or primary office at 8844 West Olympic Blvd., Suite 100, Beverly Hills, CA 90211-3697. Service of said Defendant as described above can be effected by certified mail, return receipt requested.

## JURISDICTION AND VENUE

4.     The subject matter in controversy is within the jurisdictional limits of this court and will not exceed $289,000.00

5.     This court has jurisdiction over Defendant Napoli Managment Group, Inc., because said Defendant purposefully availed itself of the privilege of conducting activities in the State of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendant, and the assumption of jurisdiction over Napoli Managment Group, Inc. will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

6.     Plaintiff would show that Defendant Napoli Managment Group, Inc. had continuous and systematic contacts with the State of Texas sufficient to establish general jurisdiction over said Defendant.

7.     Plaintiff would also show that the cause of action arose from or relates to the contacts of Defendant Napoli Managment Group, Inc. to the State of Texas, thereby conferring specific jurisdiction with respect to said Defendant.

8.     Furthermore, Plaintiff would show that Defendant Napoli Managment Group, Inc. engaged in activities constituting business in the State of Texas as provided by Section 17.042 of the Texas Civil Practice and Remedies Code, in that said Defendant contracted with a Texas resident and performance of the agreement in whole or in part thereof was to occur in Texas, said Defendant committed a tort in whole or in part in Texas, and said Defendant recruits or has recruited Texas residents for employment inside or outside this state.

9.     Napoli Management Group, Inc. contracted with Todd Wallace to represent him in employment matters at a time when he resided in Texas. Todd Wallace signed the contract from which tort claims against Napoli Management arise while Wallace was in the State of Texas and Napoli Management Group, Inc negotiated and received commissions from the contract Napoli negotiated between Wallace and a local television station. Napoli continued to represent Mr. Wallace while he worked for a local television station in Dallas-Fort Worth and Napoli received regular

payments from him while he remained under contract in Texas. Napoli continued to receive regular payments from Mr. Wallace during negotiations for his present employment.

    10.    Venue in Tarrant County is proper in this cause pursuant to Section 17.56 of the Texas Business and Commerce Code and under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

## FACTS

    11.    On October 30, 2005, Plaintiff Todd Wallace and Defendant Napoli Management Group, Inc. (Napoli) entered into an agreement whereby Napoli would represent Mr. Wallace as his agent in seeking employment as a news anchor/reporter. The contract states in relevant part, "Representative shall use its best efforts to advise and counsel Client in the planning, development, and achievement of Client's short term and long term career goals."

    12.    Thereafter, Napoli failed to provide any useful assistance to Mr. Wallace in finding a job beyond Wallace's then employment with a local television station. Solely through his own efforts and in spite of misrepresentations and obstructions made by employees of Napoli Management Group, Inc., Mr. Wallace has since acquired a job as a news anchor at WRTV in Indianapolis

    13.    Napoli has intentionally obstructed, hindered and prolonged Mr. Wallace's job search with its lack of cooperation, competency, communication and commitment as well as by misrepresenting the terms by verbal representations and claims that the agreement contained provisions which do not exist. Moreover, Napoli, through its employees, has actively obstructed Mr. Wallace's own efforts by intentionally and falsely informing him that WRTV would not consider him for the anchor position that he ultimately acquired through his own efforts. Napoli employees lied to Mr. Wallace about their contacts, influence and abilities while intentionally lying to him about their efforts on his behalf. In January 2007, Mr. Wallace expressed his severe disappointment with Napoli Management Group, Inc's. performance to Napoli representative Jean Sage. Ms. Sage, who appeared offended by Wallace's statement, then verbally told Mr. Wallace that she would no longer

represent him, thus repudiating their contract. Thereafter, however, Napoli continued to demand monthly commissions from Mr. Wallace but did no further work on his behalf.

14.     Mr. Wallace contends that Napoli induced him into entering the October 30, 2005 contract using false statements, promises and illusory tactics, and that Napoli never intended to follow through on its commitments to actually work on behalf of Wallace. Napoli's acts and omissions were therefore both knowing and intentional.

## DECEPTIVE TRADE PRACTICES

15.     Plaintiff would show that Defendant engaged in certain false, misleading and deceptive acts, practices and/or omissions actionable under the Texas Deceptive Trade Practices - Consumer Protection Act (Texas Business and Commerce Code, Chapter 17.41, et seq.), as alleged hereinbelow.

16.     Violations of Section 17.46(b). Defendant violated Section 17.46(b) of the Texas Business and Commerce Code, in that Defendant:

   (a)     caused confusion or misunderstanding as to the source, sponsorship, approval, or certification of services;

   (b)     caused confusion or misunderstanding as to affiliation, connection, or association with, or certification by, another;

   (c)     represented that services have sponsorship, approval, characteristics, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he does not;

   (d)     represented that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;

   (e)     misrepresented the authority of a salesman, representative or agent to negotiate the final terms of a consumer transaction;

   (f)     failed to disclose information concerning services which was known at the time of the transaction with the intention to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed; and

(g)    disparaged the services or business of another by false or misleading representation of facts.

17.    <u>Producing Cause</u>.  Plaintiff would show that the acts, practices and/or omissions complained of were the producing cause of Plaintiff's damages more fully described hereinbelow.

18.    <u>Reliance</u>.    Plaintiff would further show the acts, practices and/or omissions complained of under Section 17.46(b) of the Texas Business and Commerce Code were relied upon by Plaintiff to Plaintiff's detriment.

19.    <u>Written Notice Given</u>.  Plaintiff has timely notified Defendant of such complaint pursuant to Section 17.505(a) of the Texas Business and Commerce Code by letter dated July 13, 2007, and would show compliance with all conditions precedent to the filing of this suit and recovery of additional damages and attorney's fees.

## AGENCY

20.    At and during the time of the acts and/or omissions complained of herein, any acts and/or omissions committed by an agent, representative or employee of Napoli Managment Group, Inc., Defendant, occurred within the scope of the actual or apparent authority of such person on behalf of said Defendant.

21.    Said Defendant is therefore liable to Plaintiff for the acts and/or omissions of any such agent, representative or employee complained of herein by virtue of such agency relationship.

## RESPONDEAT SUPERIOR

22.    At and during the time of the acts and/or omissions complained of herein, said acts and/or omissions of any employee of Napoli Managment Group, Inc., Defendant, occurred within the scope of the general authority and for the accomplishment of the objectives for which such employee was employed.

23.    Defendant Napoli Managment Group, Inc. is therefore liable to Plaintiff for the acts and/or omissions of any such employee complained of herein under the doctrine of <u>respondeat superior</u>.

## ECONOMIC DAMAGES

24.      Plaintiff sustained the following economic damages as a result of the actions and/or omissions of Defendant described hereinabove:

    (a)      All expenses, including but not limited to

        (1)   Lost time and opportunity

        (2)   Loss of opportunity

        (3)   Loss of bargaining ability

    (b)      Loss of the "benefit of the bargain."

    (c)      Reasonable expenses of seeking a job on his own.

    (d)      Lost increase in earnings.

    (e)      Lost negotiating ability with his current employer.

    (f)      Loss of reputation in the Television community

## DAMAGES FOR MENTAL ANGUISH

25.      Plaintiff would further show that the false, misleading and deceptive acts, practices and/or omissions described hereinabove were committed "knowingly," as provided by Section 17.45(9) of the Texas Business and Commerce Code, in that Defendant had actual awareness of the falsity, deception, or unfairness of such acts, practices, and/or omissions.

26.      As a result of such acts, practices and/or omissions, Plaintiff sustained a high degree of mental pain and distress of such nature, duration and severity that would permit the recovery of damages for mental anguish pursuant to Section 17.50(b) of the Texas Business and Commerce Code, and for which Plaintiff hereby sues in an amount in excess of the minimum jurisdictional limits of this Court.

## MULTIPLE DAMAGES

27.      As alleged hereinabove, Plaintiff would show that the false, misleading and deceptive acts, practices and/or omissions complained of herein were committed "knowingly" in that Defendant had actual awareness of the falsity, deception, or unfairness of such acts, practices, and/or

omissions.

28.    Plaintiff further avers that such acts, practices, and/or omissions were committed "intentionally" in that Defendant specifically intended that Plaintiff act in detrimental reliance on the falsity or deception or in detrimental ignorance of the unfairness.

29.    Therefore, Plaintiff is entitled to recover multiple damages as provided by 17.50(b)(1) of the Texas Business and Commerce Code.

### ATTORNEY'S FEES

30.    Request is made for all costs and reasonable and necessary attorney's fees incurred by or on behalf of Plaintiff herein, including all fees necessary in the event of an appeal of this cause to the Court of Appeals and the Supreme Court of Texas, as the Court deems equitable and just, as provided by: (a) Section 17.50(d) of the Texas Business and Commerce Code; and, (b) common law.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Todd Wallace, respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for the economic damages requested hereinabove in an amount in excess of the minimum jurisdictional limits of the Court, together with prejudgment and postjudgment interest at the maximum rate allowed by law, attorney's fees, costs of court, and such other and further relief to which the Plaintiff may be entitled at law or in equity, whether pled or unpled.

Respectfully submitted,

By:
Jim Bearden
Texas Bar No. 24034318
Bearden Place
2404 Roosevelt Drive
Arlington, TX 76016
Tel. (817)261-5297
Fax. (817)265-4969
Attorney for Plaintiff Todd Wallace

## PLAINTIFF HEREBY DEMANDS TRIAL BY JURY

## THOMAS A. WILDER  -  TARRANT COUNTY DISTRICT CLERK

### FAX TRANSMITTAL FORM

Attorney: **JAMES L. BEARDEN** Bar ID #    **24034318**

Firm Name: **JIM BEARDEN & ASSOCIATES, PLLC**  Fax #  **817-265-4969**

Subscriber Number: **95000647**    Telephone # **817-261-5297**

Representing:  **X**  Plaintiff/Petitioner    _____ Defendant/Respondent    _____ Other

Authorization: I authorize the filing of the below named document(s) and I further authorize my checking account to be debited in accordance with my subscriber's agreement.

Signature: _James Allen_

Total number of Pages (including this form) **8**    Case Number (if not new suit) **048-226826-07**

This document should be filed in:

**X**  Civil    (For Civil or Criminal please send your fax to: **817-850-2928**)
_____ Criminal

_____ Family    (For Family or Juvenile please send your fax to: **817-850-2927**)
_____ Juvenile

If you ever have a problem, please call Sue at 817-884-1345 or Willie at 817-212-7009.

_____ New Case Filing

_____ Motions and other pleadings WITH FEES: _____

**X** Motions and other pleadings WITHOUT FEES:
_1st Amended Orig Petition_

**REQUEST FOR SERVICE DOCUMENTS** (Do you want us to issue citation or other documents?)

| Type of service document | Name of person to be served | Address | Type of service (Constable, Private, certified mail, etc) |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

(stamp: FILED TARRANT COUNTY 2007 DEC 26 PM 4:19 THOMAS A. WILDER DISTRICT CLERK)

JS 44 (Rev. 12/07)

## CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Todd Wallace | Napoli Management Group, Inc. 2008 JAN 11 AM 9: 55 |

**(b)** County of Residence of First Listed Plaintiff  Hamilton County, IN
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  Los Angeles County, CA
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Jim Bearden, 2404 Roosevelt Drive, Arlington, TX 76016
(817) 261-5297

Attorneys (If Known)
Julie E. Johnson, 3100 Monticello Ave., Ste. 500, Dallas, TX 75205; (214) 265-7600

4 08CV-019-Y

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☐ 2  U.S. Government Defendant

☐ 3  Federal Question
(U.S. Government Not a Party)

☒ 4  Diversity
(Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | **PERSONAL PROPERTY** | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 385 Property Damage Product Liability | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | |
| | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

### V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding

☒ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify)

☐ 6 Multidistrict Litigation

☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
17.50(b)(1) of the Texas Business and Commerce Code

Brief description of cause:
DTPA of an employment contract

### VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

### VIII. RELATED CASE(S) PENDING OR CLOSED (See instructions):

JUDGE David Evans, Tarrant County, TX    DOCKET NUMBER 048-226826-07

DATE 01/09/2008

SIGNATURE OF ATTORNEY OF RECORD
Julie Johnson with permission ___    State Bar No. 24046022

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT 350    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

# United States District Court
# Northern District of Texas
# Fort Worth Division

## Supplemental Civil Cover Sheet For Cases Removed
## From State Court

**This form must be attached to the Civil Cover Sheet at the time the case is filed in the U.S. District Clerk's Office. Additional sheets may be used as necessary.**

1. **State Court Information:**

   Please identify the court from which the case is being removed and specify the number assigned to the case in that court.

   | <u>Court</u> | <u>Case Number</u> |
   | --- | --- |
   | 48th Judicial District Court, Tarrant County, TX | 048-226826-07 |

2. **Style of the Case:**

   Please include all Plaintiff(s), Defendant(s), Intervenor(s), Counterclaimant(s), Crossclaimant(s) and Third Party Claimant(s) still remaining in the case and indicate their party type. Also, please list the attorney(s) of record for each party named and include their bar number, firm name, correct mailing address, and phone number (including area code.)

   | <u>Party and Party Type</u> | <u>Attorney(s)</u> |
   | --- | --- |
   | A. Todd Wallace, *Plaintiff* | Jim Bearden, SBN 24034318<br>Bearden Place<br>2404 Roosevelt Drive<br>Arlington TX 76016<br>Phone: 817-261-5297<br>Fax:   817-265-4696 |
   | B. Napoli Management Group, Inc., *Defendant* | Julie E. Johnson<br>SBN 10758900<br>Van Wey & Johnson, LLP<br>3100 Monticello Ave.<br>Suite 500<br>Dallas, Texas 75205<br>Phone: 214-265-7600<br>Fax:   214-265-7626 |

3. **Jury Demand:**

   Was a Jury Demand made in State Court?     ☒ Yes        ☐ No

   If "*Yes*," by which party and on what date?

   | Todd Wallace, Plaintiff | 10/12/2007 |
   | --- | --- |
   | Party | Date |

**Supplemental Civil Cover Sheet**
**Page 2**

4.    **Answer:**

        Was an Answer made in State Court?      ☒ Yes      ☐ No

        If "*Yes*," by which party and on what date?

          Napoli Management Group, Inc.            12/14/07
        Party                                              Date

5.    **Unserved Parties:**

        The following parties have not been served at the time this case was removed:

            **Party**                                 **Reason(s) for No Service**

6.    **Nonsuited, Dismissed or Terminated Parties:**

        Please indicate any changes from the style on the State Court papers and the reason for that change:

            **Party**                                 **Reason**

          N/A

7.    **Claims of the Parties:**

        The filing party submits the following summary of the remaining claims of each party in this litigation:

            **Party**                                 **Claim(s)**
            Todd Wallace                          DTPA violations of §17.46(b)

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**

**Civil Filing Notice - Fort Worth Division**

---

CIVIL ACTION NO: _____

This case has been assigned to District Judge: _____

(Complete if applicable)
TRANSFERRED FROM: _____   DATE FILED: _____

---

Civil cases are assigned to a judge by random draw. A docket clerk for each judge maintains the recording of documents filed with the Clerk. A complete list of phone numbers for both the judges' chambers and the docket clerks is provided.

| Judge | Court Settings | Pleadings Filed |
|---|---|---|
| (A) Judge John H. McBRYDE | (817)850-6650 | (817)850-6611 |
| Even Cases: 850-6652   Odd Cases: 850-6653 | | |
| (Y) Judge Terry R. MEANS | (817)850-6673 | (817)850-6612 |
| (BE) Magistrate Judge Charles BLEIL | (817)850-6690 | (817)850-6697 |

For access to local rules, attorney admission information, frequently asked questions, common forms, filing instructions, and records information, please visit our web site at **www.txnd.uscourts.gov**. To speak to someone in the district clerk's office, please call (817) 850-6601.

To receive electronic access to court docket sheets and filed documents, contact the PACER Service Center at **www.pacer.pcs.uscourts.gov** or by phone at 1-800-676-6856 for a log-in and password.